| | |
|---|---|
| MARLENE KANEHL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CREDIT CORP. SOLUTIONS INC. d/b/a TASMAN CREDIT CORP., <br><br> Defendant. | ) Case No.: 18-cv-1419 <br> ) <br> ) **CLASS ACTION COMPLAINT** <br> ) <br> ) <br> ) <br> ) <br> ) **Jury Trial Demanded** <br> ) <br> ) <br> ) <br> ) <br> ) |

## INTRODUCTION

1.      This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), and the Wisconsin Consumer Act, chs. 421-427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3.      Plaintiff Marlene Kanehl is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.      Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her, a debt allegedly incurred for personal, family, or household purposes.

5.      Plaintiff is a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that the alleged debt allegedly arose from consumer transaction that included agreements to defer

payment, namely a consumer personal loan used only for personal, family, or household purposes.

6. Defendant Credit Corp. Solutions Inc. ("Tasman") is a foreign corporation with its principal place of business at 180 W. Election Rd., Suite 200 Draper, Utah 84020.

7. Tasman does business under the fictitious or trade name "Tasman Credit Corp."

8. Tasman is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others. Tasman is registered with the Utah Department of Commerce as a "Collection Agency."

https://secure.utah.gov/bes/details.html?entity=8144373-0131.

9. Tasman is engaged in the business of collecting debts, both owed to others and acquired after default, and incurred for personal, family, or household purposes.

10. The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

11. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, **or** who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added); *see, e.g., Tepper v. Amos Fin., LLC*, 2018 U.S. App. LEXIS 21907, at \*16 (3d Cir. Aug. 7, 2018) ("In sum, Amos may be one tough gazookus when it attempts to collect the defaulted debts it has purchased, but when its conduct crosses the lines prescribed by the FDCPA, it opens itself up to the Act's penalties."); *Kurtzman v. Nationstar Mortg. LLC*, No. 16

2

17236, 2017 U.S. App. LEXIS 19750, at *6-7 (11th Cir. Oct. 10, 2017); *Skinner v. LVNV Funding LLC*, 2018 U.S. Dist. LEXIS 2812, at *7-8 (N.D. Ill. Jan 8, 2018); *Mitchell v. LVNV Funding LLC*, 2017 U.S. Dist. LEXIS 206440, at *7-12 (N.D. Ind. Dec. 15, 2017); *Torres v. LVNV Funding LLC*. 2018 U.S. Dist. LEXIS 49885, at *13-15 (N.D. Ill Mar. 27, 2018); *Hordge v. First Nat'l Collection Bureau, Inc.*, 2018 U.S. Dist. LEXIS 132435, at *12-13 (S.D. Tex. Aug. 7, 2018); *Meola v. Asset Recovery Solutions*, 2018 U.S. Dist. LEXIS 139101, at *13-18 (E.D.N.Y. Aug. 15, 2018).

12. The primary purpose of Tasman's business, and Tasman's principal purpose, is the collection of consumer debts. *See, Chenault v. Credit Corp. Sols.*, 2017 U.S. Dist. LEXIS 197747, at *5-6 (E.D. Penn. Dec. 1, 2017).

13. Tasman's website contains an "About Us" webpage, which states:

> Credit Corp Solutions is a receivables management company that purchases and collects consumer debt including unpaid retail finance and sales finance credit cards and personal loans.
>
> . . .
>
> Credit Corp Solutions purchases delinquent debts from financial services providers. We then work with our customers to recover the outstanding balance by adopting a flexible approach and offering sustainable and tailored repayment plans.

https://www.creditcorponline.com/customers/about-us/ (accessed Aug. 21, 2018).

14. Tasman is engaged in the business of a collection agency, using the mails and telephone to collect defaulted consumer debts.

15. Tasman is also engaged in the business of a collection agency under Wisconsin law, in that it purchases and receives assignment of consumer debts that are in default at the time Tasman acquires them.

16. Wis. Stat. § 427.103(3) defines debt collector as: "any person engaging, directly or indirectly, in debt collection, and includes any person who sells, or offers to sell, forms

3

represented to be a collection system, device or scheme, intended or calculated to be used to collect claims. The term does not include a printing company engaging in the printing and sale of forms." (emphasis added). On its face, Wis. Stat. § 427.103(3) applies to creditors collecting on their own behalf.

17. Wis. Stat § 427.103(2) states: "Debt collection" means any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer."

18. Tasman is a "merchant" as defined in the WCA, as it has, or claims to have, taken assignment of Plaintiff's former consumer credit card accounts. Wis. Stat. § 421.301(25) ("The term [merchant] includes but is not limited to a seller, lessor, manufacturer, creditor, arranger of credit and any assignee of or successor to such person.")

19. The Western District of Wisconsin has noted: "Unlike the FDCPA, the Wisconsin Consumer Act does not provide exceptions to its general definition of a debt collector." *Hartman v. Meridian Fin. Servs.*, 191 F. Supp. 2d 1031, 1048 (W.D. Wis. 2002).

20. The Wisconsin Department of Financial Institutions has likewise designated merchants and creditors as "Debt Collectors" under the WCA:

> Anyone attempting to collect a debt arising from a consumer credit transaction in Wisconsin, whether a merchant doing its own debt collecting or a third-party debt collector, must follow Wisconsin's debt collection law, Ch. 427, Wis. Stats. This is an important point because many merchants collecting debt owed directly to them mistakenly believe that they are exempt from Wisconsin's debt collection law because they are not included within the definition of "debt collector" under the federal Fair Debt Collection Practices Act.

https://www.wdfi.org/wca/business_guidance/creditors/debt_collection/.

21. Tasman is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3). *See, e.g., Chenault v. Credit Corp Sols.*, 2017 U.S. Dist. LEXIS 197747, at *4-6

4

(E.D. Pa. Dec. 1, 2017); *Derosia v. Credit Corp. Sols.*, 2018 U.S. Dist. LEXIS 50016, at *1-3, *10-11 (E.D. Wis. Mar. 27, 2018).

**FACTS**

22.     On or about May 3, 2018, Tasman mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "CREDIT CORP SOLUTIONS INC DBA TASMAN CREDIT CORP" and allegedly originally owed to "Synchrony Bank/Synchrony Car Care" ("Synchrony").  A copy of this letter is attached to this complaint as Exhibit A.

23.     Upon information and belief, the alleged debt referenced in Exhibit A is a consumer credit account incurred for personal, family, or household purposes.

24.     Plaintiff's Synchrony debt was a consumer credit transaction in that it is a consumer transaction between a merchant (Synchrony) and a customer (Plaintiff), in which purchases were made on credit, and the obligation was both payable in installments and finance charges were imposed.

25.     Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

26.     Upon information and belief, Exhibit A is a form debt collection letter used by Tasman to attempt to collect alleged debts.

27.     Exhibit A states the following:

This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

Exhibit A.

28.     The above language on a collection letter is a representation that the debt collector holds a Wisconsin Collection Agency License, pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code § DFI-Bkg. 74.

5

29. Tasman was not licensed as a collection agency by the Division of Banking at the time Exhibit A was sent to Plaintiff.

30. A representative of the Division of Banking confirmed to Plaintiff's counsel over the telephone that Tasman held a Wisconsin collection agency license between July 1, 2014 and April 11, 2017, after which time Tasman's license expired and that, as of June 4, 2018, Tasman had a pending application for a Wisconsin collection agency license, but that such license had not yet to be approved. The application was approved on July 5, 2018.

31. A false statement that a debt collector is licensed as a collection agency is a material false statement. *Radaj v. ARS Nat. Services, Inc.*, No. 05 C 773, 2006 U.S. Dist. LEXIS 68883 at *10; 2006 WL 2620394 at *3 (E.D. Wis. Sep. 12, 2006); *Seeger v. Aid Assocs.*, 2007 U.S. Dist. LEXIS 22824 at *13, 2007 WL 1029528 (E.D. Wis. Mar. 29, 2007) ("this court believes that the false statement used by Plaza that it was licensed by the state of Wisconsin, is precisely the kind of misrepresentation that Congress sought to prohibit when it passed the FDCPA."); *see also, Derosia v. Credit Corp. Sols.*, 2018 U.S. Dist. LEXIS 50016, at *9-10 (E.D. Wis. Mar. 27, 2018) ("upon learning that Tasman is not a collection agency licensed with the DFI, such a consumer would be more likely to assume the letter is a scam and ignore it.").

32. On November 28, 2017, Denise Derosia filed a complaint against Tasman in the Eastern District of Wisconsin, alleging Tasman's false statement about its licensing status was deceptive and misleading to consumers. *See, Derosia v. Credit Corp. Sols.*, 17-cv-1671 (Dkt. No. 1, "Class Action Complaint"), *filed* Nov. 28, 2017 (E.D. Wis.).

33. Tasman moved to dismiss Derosia's complaint, *Derosia*, 17-cv-1671 (Dkt. No. 12, "Motion to Dismiss"), *filed* Jan. 24, 2018.

6

34.     The District Court denied Tasman's motion to dismiss, holding that Tasman's false statement was material under the FDCPA and the WCA, and was a concrete injury-in-fact for purposes of standing.  *Derosia*, 17-cv-1671 (Dkt. No. 20, "Order"), 2018 U.S. Dist. LEXIS 50016 (E.D. Wis. Mar. 27, 2018).

35.     After Tasman's Motion to Dismiss was denied, Derosia accepted an Offer of Judgment.  *Derosia*, 17-cv-1671 (Dkt. No. 29, "Notice of Acceptance of Offer of Judgment"), *filed* May 22, 2018.

36.     Tasman's false statement about its licensing status was made knowingly and willfully, and with intentional disregard for Plaintiff's rights.  *See, e.g., McGee v. Halsted Fin. Servs., LLC*, 2014 U.S. Dist. LEXIS 36159, at *4 (D. Del. Mar. 19, 2014) ("the Court does not need to choose between the two standards to determine whether the defendants acted willfully or knowingly because the plaintiff met both standards.  The defendants must have known that they were violating the TCPA because others had previously sued them for TCPA violations.").

37.     Plaintiff was misled and confused by <u>Exhibit A</u>.

38.     The unsophisticated consumer would be misled and confused by <u>Exhibit A</u>.

### The FDCPA

39.     The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations

7

of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

40.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt

8

collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses"). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

41.    15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

42.    15 U.S.C. § 1692e(1) specifically prohibits the false representation that "the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof."

43.    15 U.S.C. § 1692e(9) specifically prohibits "the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval."

44.    15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

45.    15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

46.    The Seventh Circuit has held that a debt collector must state the required disclosures in a non-confusing manner. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000):

9

47.     While *Miller* addressed a debt collector's obligation to provide the amount of the debt under 15 U.S.C. § 1692g(a)(1), the Seventh Circuit has held that the standards for claims under § 1692e and § 1692g are the same. *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006).

> We cannot accept the district court's view that claims brought under § 1692e or § 1692f are different from claims brought under § 1692g for purposes of Rule 12(b)(6) analysis. Whether or not a letter is 'false, deceptive, or misleading' (in violation of § 1692e) or 'unfair or unconscionable' (in violation of § 1692f) are inquiries similar to whether a letter is confusing in violation of § 1692g. After all, as our cases reflect, the inquiry under §§ 1692e, 1692g and 1692f is basically the same: it requires a fact-bound determination of how an unsophisticated consumer would perceive the letter.")

## The WCA

48.     The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

49.     The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

50.     To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

51.     "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also

10

competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

52.     To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

53.     The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

54.     Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

55.     Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

56.     Wis. Stat. § 427.104(1)(k) states that a debt collector may not "use a communication which simulates legal or judicial process or which gives the appearance of being

11

authorized, issued or approved by a government, government agency or attorney-at-law when it is not."

## COUNT I – FDCPA

57. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

58. Exhibit A falsely states that: "This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions."

59. In fact, Tasman is not a licensed collection agency in the State of Wisconsin.

60. Tasman was not licensed as a collection agency by the Division of Banking in Wisconsin when it sent Exhibit A to Plaintiff.

61. Defendant violated 15 U.S.C. §§ 1692e, 1692e(1), 1692e(9), 1692e(10), and 1692f.

## COUNT II – WCA

62. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

63. Exhibit A falsely states that: "This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions."

64. Tasman was not licensed as a collection agency by the Division of Banking in Wisconsin when it sent Exhibit A to Plaintiff.

65. Defendant violated Wis. Stat. § 427.104(1)(k).

## CLASS ALLEGATIONS

66. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Tasman, (c) stating that

12

Tasman is licensed by the Division of Banking in Wisconsin, (d) seeking to collect a debt for personal, family, or household purposes, (e) between September 11, 2017 and July 4, 2018, inclusive, (f) that was not returned by the postal service..

67. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each Class.

68. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are whether Exhibit A violates the FDCPA and WCA.

69. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

70. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

71. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

### JURY DEMAND

72. Plaintiff hereby demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

 a) actual damages;

 b) statutory damages;

 c) attorneys' fees, litigation expenses and costs of suit; and

 d) such other or further relief as the Court deems proper.

13

Dated: September 11, 2018

**ADEMI & O'REILLY, LLP**

By:    /s/ Mark A. Eldridge
       John D. Blythin (SBN 1046105)
       Mark A. Eldridge (SBN 1089944)
       Jesse Fruchter (SBN 1097673)
       Ben J. Slatky (SBN 1106892)
       3620 East Layton Avenue
       Cudahy, WI 53110
       (414) 482-8000
       (414) 482-8001 (fax)
       jblythin@ademilaw.com
       meldridge@ademilaw.com
       jfruchter@ademilaw.com
       bslatky@ademilaw.com

14